JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1743-KK-SPx** | Date: | February 14, 2025 |
|---|---|---|---|
| Title: | *Michael Walker v. Capitol North American, Inc., et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Remanding for Lack of Subject Matter Jurisdiction

On July 10, 2024, plaintiff Michael Walker ("Plaintiff") filed a Complaint against defendant North American Van Lines, Inc. ("Defendant") in San Bernardino County Superior Court for alleged damages to Plaintiff's property, which Plaintiff hired Defendant to move.  ECF Docket No. ("Dkt.") 1-2.  On August 14, 2024, Defendant removed the action to this Court pursuant to federal question jurisdiction under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 ("Carmack Amendment"), which is "a uniform national liability policy for interstate carriers." Hall v. N. Am. Van Lines, Inc, 476 F.3d 683, 687 (9th Cir. 2007) (citation omitted).

On February 3, 2025, Plaintiff filed a Motion to Remand ("Motion"), arguing "the case now falls outside the scope of the Carmack Amendment" because the amount demanded no longer exceeds $10,000.  Dkt. 22.  On February 6, 2025, the Court issued an Order to Show Cause ("OSC") as to why this case should not be remanded and ordered Defendant to file a written response by February 13, 2025.  Dkt. 24.  The Court is in receipt of Defendant's written response to the Court's OSC.  Dkt. 25.  For the reasons set forth below, the instant action is remanded to the San Bernardino County Superior Court.

As stated in the Motion, Plaintiff filed an amended complaint in state court on October 7, 2024, which "reduce[d] the amount demanded to $10,000."  Dkt. 22.  While Defendant refers to this filing as an "informal indication," Defendant does not dispute Plaintiff's amended complaint or the new demanded amount.  Dkt. 25 at 2.  As Plaintiff correctly states, this Court's jurisdiction pursuant to the Carmack Amendment requires, *inter alia*, the amount in controversy to exceed $10,000.

Steiner v. Horizon Moving Sys. Inc., 568 F. Supp. 2d 1084, 1086 (C.D. Cal. 2008) (citing 28 U.S.C. § 1337).

In opposition to remand, Defendant argues remand would be "improper and prejudicial to Defendant, which has prepared for trial and made arrangements to proceed with trial as scheduled." Dkt. 25.  In an attempt to support this argument, Defendant cites a single case, which is a *criminal* case and thus, simply not applicable to the present action.  Moreover, trial for this matter is currently set for March 10, 2025 – nearly one month away.  Dkt. 13.  Hence, the Court is not persuaded by Defendant's arguments.

Defendant also argues Plaintiff failed to "file a timely motion to remand on a non-jurisdictional defect." Dkt. 25 at 2.  Pursuant to 28 U.S.C. § 1447(c), motions to remand may not be filed more than 30 days after removal if the motion is based on "any defect *other than* lack of subject matter jurisdiction." 28 U.S.C. § 1447(c) (emphasis added).  Contrary to Defendant's assertion, the motion to remand is, indeed, based on a jurisdictional defect because the Carmack Amendment, 49 U.S.C. § 14706, provides federal courts with jurisdiction "only if the amount in controversy exceeds $10,000." Hall, 476 F.3d at 686 n.2 (citing 28 U.S.C. § 1337(a)).   Hence, the motion is timely.

Moreover, federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Therefore, the Court may remand "at any time before final judgment." 28 U.S.C. § 1447(c); Trenton v. Infinity Broad. Corp., 865 F. Supp. 1416, 1421 (C.D. Cal. 1994) ("A district court may remand a case to state court at any time prior to final judgment if it appears that the district court lacks subject matter jurisdiction."); Parker v. Lendmark Fin. Servs., LLC, No. 5:24-CV-1592-KK-SPx, 2024 WL 4502278, at *2 (C.D. Cal. Oct. 16, 2024) ("[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (quoting 28 U.S.C. § 1447(c)); Hernandez v. Geodis Logistics, LLC, No. 5:24-CV-00613-SSS-DTBx, 2024 WL 4182913, at *2 (C.D. Cal. Sept. 13, 2024) ("A court must remand a case where it lacks subject matter jurisdiction.").

Thus, because Plaintiff is no longer seeking damages in excess of the $10,000 required for jurisdiction under the Carmack Amendment, the Court no longer has jurisdiction over the matter, and remand is appropriate.  Accordingly, this matter is **REMANDED** to San Bernardino County Superior Court.

**IT IS SO ORDERED**.